DARREL K. YASUTAKE (Bar #142927)
YASUTAKE & ASSOCIATES
A Professional Corporation
6200 Center Street, Suite 280
Clayton, California 94517
Telephone: (925) 680-4266
Facsimile: (925)680-4259
dyasutake@hy-litigators.com

Attorneys for Plaintiff
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STATE FARM GENERAL INSURANCE COMPANY,

        Plaintiff,

vs.

AMAZON.COM SERVICES, LLC,

        Defendant.

_____ /

Case No. 21-CV-01316-EMC

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1.     **Negligence**

2.     **Strict Products Liability**

3.     **Implied Warranty of Merchantability**

Plaintiff STATE FARM GENERAL INSURANCE COMPANY ("Plaintiff" or "State Farm"), by and through its undersigned counsel, for its Complaint alleges as follows:

**NATURE OF ACTION**

1.     This is an insurance subrogation action wherein Plaintiff seeks monetary damages from Defendant AMAZON.COM SERVICES, LLC ("Defendant") for selling a defective lithium polymer battery and/or charger which was the direct and proximate cause of a fire that ensued during the first use of the products. Plaintiff seeks damages against Defendant on the basis of negligence and strict products liability for its conduct in connection with the promoting, marketing, packaging, distribution, delivery and/or sale of the HTRCCharger LiPo Charger Balance Discharger 1S-6S

1

Digital Battery Pack Charger and the Zeee 2s Lipo Battery 7.4V, 50C, 5200mAh RC herein referred to as "subject products."

## PARTIES

1.      Plaintiff STATE FARM GENERAL INSURANCE COMPANY is a corporation organized and existing under and by virtue of the laws of the State of Illinois.  Plaintiff's principal place of business is in Bloomington, Illinois.

2.      Defendant AMAZON.COM SERVICES, LLC is a Delaware limited liability company with its principal place of business in Washington.

## JURISDICTION AND VENUE

3.      This action was removed from the Alameda County Superior Court by Defendant pursuant to 28 U.S.C. § 1441.  Plaintiff refers to and incorporates by this reference all State Court documents attached to Defendant's Notice of Removal filed with this Court.

4.      Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and Washington.  Diversity of citizenship is complete.

5.      Plaintiff seeks damages in the amount of $116,174.59, exclusive of interest and costs, which exceeds the required $75,000 amount in controversy.

6.      Venue is proper pursuant to 28 U.S.C. §1441 and the subject fire incident occurred at Plaintiff's insured's residence located at 1116 Warfield Avenue, Piedmont, California 94610.

## FACTUAL ALLEGATIONS

7.      This subrogation action arises out of a fire that occurred on September 5, 2019 at Plaintiff's insured's residence located at 116 Warfield Avenue in Piedmont, California.

8.      On or about September 1, 2019, Plaintiff's insured, Bart Myers, purchased the subject products online through Defendant's Amazon.com online website.  Mr. Myers did not interact with any other person or company except for the Amazon.com website to facilitate the purchase of the products.

9.      On or before September 5, 2019, the subject products were delivered to Plaintiff's insured's residence by a person acting on behalf of Amazon.com.

10.     On September 5, 2019, Mr. Myers for the first time plugged the brand new subject products in on his workbench in the garage.  He then went back into his home.  Approximately one hour later, a passerby knocked on his front door to advise him that there was smoke coming out of his garage.  Mr. Myers entered the garage where he observed flames on his workbench where he had left the subject products charging.  Mr. Myers unplugged the products to eliminate power to the products.  He used a fire extinguisher and water from a garden hose on the fire until the first responders arrived to extinguish the fire.

11.     The subject property is owned by Bart and Faina Myers, who were insured under a State Farm insurance policy bearing number 05-BY-L826-4.  As a result of the fire damage caused to the subject property, the Myers submitted a claim to State Farm under their policy and State Farm paid to or on behalf of its insureds the amount of $116,174.59. Pursuant to the provisions of said policy and California law, State Farm is subrogated to its insureds' right of recovery of the damages incurred.

## FIRST CAUSE OF ACTION

### (Negligence)

12.     Plaintiff incorporates by this reference the allegations set forth in the paragraphs above as if fully set for the herein.

13.     At all times relevant to this cause of action, Defendant was and is in the business of promoting, marketing, packaging, distribution, delivery and/or sale of various products, including the subject products.

14.     At all times relevant hereto, Defendant was under a duty to act reasonably in the promoting, marketing, packaging, distribution, delivery and/or sale of the subject products so that they did not present a risk of harm to Plaintiff's insureds, Plaintiff and to the general public.

3

15.     At the time of promoting, marketing, packaging distribution, delivery and/or sale of the products, Defendant knew or should have known that they were designed and/or manufactured in such a manner so as to present an unreasonable risk of failure which could potentially result in a fire.

16.     In spite of the aforementioned duty on the part of Defendant, it continued to promote, market, package, distribute, deliver and/or sell the products with actual or constructive knowledge that the products were at risk to cause fires in breach of its duty of reasonable care, and was therefore negligent.

17.     In spite of Defendant's actual or constructive knowledge of the potential risk of failure and fires, Defendant continued to promote market, package, distribute, deliver and/or sell the products without any warnings to the general public, including Plaintiff's insured.

18.     As a direct and proximate result of Defendant's negligence, Plaintiff's insureds, and Plaintiff as subrogee have suffered damages to real and personal property as a result of the ensuing fire caused by the subject products.

19.     By reason of the foregoing, Defendant is liable for the damages suffered as a result of its continued promoting, marketing, packaging, distribution, delivery and/or sale of the products without any warning of the potential risk of failure and fires that could be caused by the subject products.

Wherefore, Plaintiff demands judgment against Defendant in the amount of $116,174.59, plus costs of suit and interest.

SECOND CAUSE OF ACTION

(Strict Products Liability)

20.     Plaintiff incorporates by this reference the allegations set forth in the paragraphs

4

above as if fully set for the herein.

21.     At all times relevant herein, Defendant promotes, markets, packages, distributes, delivers and/or sells products on its Amazon.com website placing the products in the stream of commerce, including the subject products.

22.     The products were defective in design and/or manufacture in that, when they left the hands of the manufacturers, suppliers, distributors and/or sellers, including Defendant, the foreseeable risks exceeded the benefits associated with the design and/or manufacturing of the subject products.

23.     The products were defective in design and/or manufacture in that, when they left the hands of the manufacturers, suppliers, distributors and/or sellers, including Defendant, they were unreasonably dangerous because they were more dangerous than an ordinary consumer would expect.

24.     The subject products were defective in design and/or manufacture because after Defendant knew or should have known of the risk of failure and fires that could be caused by the subject products, Defendant continued to promote market, package, distribute, deliver and/or sell the products to Plaintiff's insured and the general public.

25.     The subject products were defective in that after Defendant knew or should have known of the risk of failure and fires that could be caused by the subject products, Defendant failed to provide adequate warnings to the users and consumers of the subject product, including Plaintiff's insured.

Wherefore, Plaintiff demands judgment against Defendant in the amount of $116,174.59, plus costs of suit and interest.

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES – 21-CV-01316-EMC

### THIRD CAUSE OF ACTION

(Implied Warranty of Merchantability)

26.     Plaintiff incorporates by this reference the allegations set forth in the paragraphs above as if fully set for the herein.

27.     Defendant is a seller and/or merchant of the subject products.  Plaintiff's insured purchased the subject products from Defendant and used the products for the ordinary purpose for which they intended.  At the time the products were purchased, they were not fit for the ordinary purpose for which the products were meant to be used, and were used.  The products were not fit for the ordinary purpose for which they were used because they were not promoted marketed, packaged, distributed, delivered and/or sold in a manner to accomplish the ordinary purpose safely.  Defendant's breach of their implied warranty of merchantability directly and proximately caused Plaintiff's insured and Plaintiff as subrogee the resulting damages.

Wherefore, Plaintiff  demands judgment against Defendant in the amount of $116,174.59, plus costs of suit and interest.

### PRAYER FOR DAMAGES

For the foregoing reasons, Plaintiff demands judgment against Defendant in the amount of $116,174.59, or whatever amount this Court deems proper, plus costs of suit and interest.

Dated:  3/16/2021                              YASUTAKE & ASSOCIATES
                                                        A Professional Corporation


                                                        By: _Darrel K. Yasutake_
                                                              Darrel K. Yasutake
                                                        Attorneys for Plaintiff State Farm General
                                                        Insurance Company

6